## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CECILIA ROTELLI,
> Appellant,

v.

DEPARTMENT OF THE NAVY,
> Agency.

DOCKET NUMBER
SF-315H-17-0113-X-1

DATE: June 14, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cecilia Rotelli</u>, Auburn, Washington, pro se.

<u>Basil R. Legg, Jr.</u>, Esquire, North Charleston, South Carolina, for the
agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      This case is before the Board pursuant to a compliance initial decision of
the administrative judge finding the agency in partial noncompliance with a
settlement agreement. *Rotelli v. Department of the Navy*, MSPB Docket No. SF-

---

[1]  A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

315H-17-0113-C-1, Compliance File, Tab 15, Compliance Initial Decision (CID). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2        The appellant was terminated from her position in November 2016. *Rotelli v. Department of the Navy*, MSPB Docket No. SF-315H-17-0113-I-1, Final Order (July 15, 2022); Petition for Review (PFR) File, Tab 8. The appellant filed an appeal of her termination. *Rotelli v. Department of the Navy*, MSPB Docket No. SF-315H-17-0113-I-1, Initial Appeal File (IAF), Tab 1. While the appeal was pending, the parties entered into a settlement agreement. IAF, Tab 25. The settlement agreement provided, in pertinent part:

> (1)   The Agency will rescind its Notice of Termination during Probationary Period dated November 3, 2016 and will initiate actions to cancel and remove from Appellant's Official Personnel File the SF-52 and SF-50 removing Appellant from Federal Service as of November 3, 2016. The Agency will replace the existing SF-50 with an SF-50 showing Appellant voluntarily resigned from Federal service effective April 18, 2017.

*Id.* at 1. The administrative judge issued an initial decision dated February 17, 2017, entering the settlement agreement into the record for enforcement purposes and dismissing the appeal. IAF, Tab 30, Initial Decision at 3.

¶3        On October 31, 2017, the appellant filed a petition for review of the initial decision, requesting that the Board "review the settlement agreement and the case itself, and the decision to approve." PFR File, Tab 2 at 4. The appellant also claimed that the agency failed to comply with the settlement agreement by updating her personnel file to reflect her voluntary resignation. *Id.* On July 15, 2022, the Board dismissed the petition for review as untimely filed, but forwarded the appellant's allegations of noncompliance to the regional office for docketing as a petition for enforcement. Final Order at 5-6; PFR File, Tab 8.

¶4        In a January 17, 2023 compliance initial decision, after providing the parties with the opportunity to file evidence and argument regarding the compliance issue, the administrative judge found that the agency had not complied, in part, with the settlement agreement, because it failed to expunge all references to the appellant's November 3, 2016 termination from her Official Personnel File (OPF).  CID at 7.  Although the agency had removed from the appellant's OPF the Standard Form (SF) 50 and SF-52 which referred to the November termination, the administrative judge found that the OPF still contained four documents which clearly referred to appellant's November 3, 2016 termination "in the context of FEHB [Federal Employee Health Benefits] and Federal Employees' Gorup [sic] Life Insurance (FEGLI) coverage, and a narrative form issued in lieu of an SF-1150, Record of Leave Data, for employee data transfer."  *Id.*  The administrative judge ordered the agency to "expunge references to the appellant's November 3, 2016 termination from her OPF, i.e., delete entirely the four pages described above, or redact the extant references on those pages, and to ensure no additional references exist in her OPF."  CID at 10.[2]

## ANALYSIS

¶5        A settlement agreement is a contract and, as such, will be enforced in accordance with contract law.  *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014).  The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision

---

[2] The compliance initial decision informed the agency that, if it decided to take the actions required by the decision, it must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it has taken the actions identified in the compliance initial decision, along with evidence establishing that it has taken those actions.  CID at 10-11; *see* 5 C.F.R. § 1201.183(a)(6)(i).  The compliance initial decision also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 11; *see* 5 C.F.R. §§ 1201.114 (e), 1201.183(a)(6)(ii).  Neither party petitioned for review of the compliance initial decision.

or order. *Id*. In a proceeding to enforce a settlement agreement, the party alleging noncompliance with the agreement has the burden of proof. *Modrowski v. Department of Veterans Affairs*, 97 M.S.P.R. 224, ¶ 7 (2004). However, when an appellant makes specific allegations of noncompliance, as appellant did here, it is the agency's burden to produce relevant evidence within its control showing compliance with its agreement or showing good cause for its failure to comply. *Id.*

¶6     On February 15, 2023, the agency filed a statement of compliance representing that it had sent the required paperwork to the Navy Office of Human Resources (OHR) for removal or redaction of the identified documents and verification that no other documents in appellant's OPF referred to the November 3, 2016 termination; and stating that agency counsel awaited verification from OHR that these actions had been taken. *Rotelli v. Department of the Navy*, MSPB Docket No. SF-315H-17-0113-X-1, Compliance Referral File (CRF), Tab 1 at 3.

¶7     After requesting and receiving an extension of time, the agency filed a supplement to the statement of compliance on March 6, 2023. CRF, Tab 5. Attached to the supplement is a declaration by an agency paralegal attesting to the actions the agency took to comply with the January 17, 2023 compliance initial decision, including expunging the references to the November 3, 2016 termination cited by the administrative judge, and searching for, and removing, other references to the termination in the OPF. *Id.* at 6-7. The agency also attached supporting documents, which include a copy of the final revised and redacted version of appellant's OPF. *Id.* at 6-224  On March 14, 2023, the appellant filed a "Response to the Acknowledgement Order dated February 16, 2023," asking that the Board consider the "ramifications and repercussions" resulting from the agency's non-compliance and requesting that the agency send

her "copies of education and certificates obtained" during her employment.[3] CRF, Tab 6 at 11.

¶8 In its submissions, the agency produced evidence demonstrating that it has removed all references to the November 3, 2016 termination from appellant's OPF and thus complied with the settlement agreement. The appellant has not rebutted this evidence. Accordingly, we find the agency in compliance with the settlement agreement and the final order in the underlying case, and DISMISS the petition for enforcement.[4]

¶9 This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

---

[3] To the extent the appellant seeks to require the agency to send her copies of her "education and certificates obtained," CRF, Tab 6 at 10, she has no authority to impose additional obligations on the agency outside of those established in the existing settlement agreement.

[4] The agency's June 13, 2023 request for a status conference is denied based on our finding of compliance.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.